# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 25, 2010

Charles R. Fulbruge III
Clerk

No. 09-50650
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

SAUL MEDINA-TORRES,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:08-CR-849-1

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Saul Medina-Torres appeals the 57-month sentence and three-year term of supervised release he received after he pled guilty to illegal reentry in violation of 8 U.S.C. § 1326.  Medina-Torres argues that the Guidelines range of imprisonment he faced was greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a) and that he should have been sentenced below the guidelines range.  He cites *Kimbrough v. United States*, 552 U.S. 85 (2007), and argues that this court should not accord the sentence a presumption of

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

reasonableness because the illegal reentry Guideline is not supported by empirical data and national experience. Medina-Torres acknowledges that this argument is foreclosed by this court's precedent but raises the issue to preserve it for further review.

The substantive reasonableness of Medina-Torres's sentence is reviewed for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2009); *United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005). Medina-Torres's argument that this court should not accord his within-Guidelines sentence a presumption of reasonableness is foreclosed. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009); *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied,* 130 S. Ct. 378 (2009). Further, Medina-Torres's suggestion that he is a reformed, mature family man does not rebut the presumption that his sentence was reasonable. However, he has an extensive criminal history and has been removed from the United States to Mexico on numerous occasions. Given the obvious need for deterrence and punishment, his sentence was reasonable.

Medina-Torres's argument that the district court abused its discretion by imposing a term of supervised release is also unavailing. Even if he is deported from the United States, supervised release is an additional potential sanction that might deter him from attempting to reenter the United States unlawfully. Because "adequate deterrence" and protection of the public are valid considerations in determining whether to impose a term of supervised release, Medina-Torres has not shown an abuse of discretion in the imposition of a supervised release term. *See* 18 U.S.C. § 3583(c); *United States v. Rodriguez*, 558 F.3d 408, 411 (5th Cir.), *cert. denied*, 130 S. Ct. 394 (2009).

AFFIRMED